95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sharon L. WRIGHT, Plaintiff-Appellant,
v.
Pamela CARTER, individually and in her official capacity as
Attorney General of Indiana, et al. Defendants-Appellees.
 No. 95-2573.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 30, 1995.
Decided Aug. 9, 1996.
 
 Before BAUER, Circuit Judge, and ROVNER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Sharon L. Wright's brief tenure as a Deputy Attorney General for the State of Indiana came to an end early in 1993 following the election of a Democrat, Pamela Carter, as Attorney General. Wright contends that her termination was the result of Carter's desire to bring younger, Democratic attorneys onto the Attorney General's staff. (Wright had been hired by Carter's Republican predecessor and was fifty years old at the time of her discharge.) She filed suit pursuant to 42 U.S.C. § 1983 and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., contending that she had been unlawfully discharged on the basis of her perceived political affiliation and her age. In a brief order incorporating its prior order in Americanos v. Carter, No. 94 C 0040 (S.D.Ind. Dec. 13, 1994), the district court dismissed Wright's suit pursuant to Fed.R.Civ.P. 12(b)(6), concluding that the duties and powers associated with the position of Deputy Assistant Attorney general rendered that position exempt from the constitutional prohibition of politically motivated discharge and exempt from the provisions of the ADEA.
 
 
 2
 On appeal, Wright presents two issues: (1) whether the district court was correct in concluding, as a matter of law, that all attorneys employed by the Indiana Attorney General as deputy attorneys general are exempt from the federal constitutional prohibition against politically motivated discharge; and (2) whether the district court was correct in concluding, as a matter of law, that no attorney employed by the Indiana Attorney General as a deputy attorney general qualifies as an "employee" within the scope of the ADEA, 29 U.S.C. § 630(f). We recently answered both of these questions in the affirmative in Americanos v. Carter, 74 F.3d 138 (7th Cir.), cert. denied, 116 S.Ct. 1853 (1996), in which we sustained the order of dismissal that the district court relied on here.
 
 
 3
 For the reasons stated in our opinion in Americanos, the judgment of the district court is therefore AFFIRMED.